IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JAMES CHATMAN, ) | No. C 08-1261 MMC (PR) |
| ) Petitioner, ) | **ORDER OF TRANSFER** |
| v. ) | **(Docket Nos. 3 & 4)** |
| ) TOM FELKER, ) | |
| ) Respondent. ) | |
| _____ ) | |

    On March 4, 2008, petitioner, a California prisoner incarcerated at High Desert State Prison in Susanville, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges and challenges a theft of his property in 2005 by prison officials at High Desert State Prison. (See Pet. "Statement of Facts" at 1-6.) By way of relief, he seeks the return of his property. (See Pet. at 17.)

    Although filed as a petition for a writ of habeas corpus, petitioner's claim is more properly construed as a civil rights action, in that petitioner is challenging the confiscation of his property by prison officials and is not challenging the fact or duration of his confinement. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (holding district court may construe habeas petition challenging conditions of confinement as civil rights action under 42 U.S.C. § 1983); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights action is proper method of challenging conditions of confinement).

    Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d

1486, 1488 (9th Cir. 1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).

Here, it is clear from the allegations in the petition that petitioner's claims arise out of acts alleged to have been committed at High Desert State Prison by High Desert State Prison employees.  High Desert State Prison is located in Susanville, which, in turn, is located in Lassen County.  Lassen County is within the venue of the Eastern District of California.  See 28 U.S.C. § 84(b).  As a result, venue is proper in the Eastern District of California, not in the Northern District.

Accordingly, pursuant to 28 U.S.C. § 1406(a), and in the interest of justice, the above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California.  In light of the transfer, this Court will defer to the Eastern District with respect to petitioner's application to proceed in forma pauperis.

This order terminates Docket Nos. 3 and 4.

IT IS SO ORDERED.

DATED: August 27, 2008

MAXINE M. CHESNEY
United States District Judge