IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

       Plaintiff,                   No. 2:08-cv-2055 JFM (PC)

   vs.

TOM FELKER, Warden, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff filed his claims on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  However, his claim is more properly construed as a civil rights action under 42 U.S.C. § 1983 because plaintiff is challenging the confiscation of his property by prison officials and is not challenging the fact or duration of his confinement.  The Clerk of the Court will be directed to change the caption and docket to reflect that this case is proceeding as a civil rights action.

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

/////

/////

1

1           Plaintiff has submitted a declaration that makes the showing required by 28

2 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

3           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

4 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

5 in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

6 direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

7 and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

8 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

9 account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

10 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

11 U.S.C. § 1915(b)(2).

12           The court is required to screen complaints brought by prisoners seeking relief

13 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

14 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

16 granted, or that seek monetary relief from a defendant who is immune from such relief.  28

17 U.S.C. § 1915A(b)(1),(2).

18           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

20 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

24 Cir. 1989); Franklin, 745 F.2d at 1227.

25           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

26 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

1   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

2   Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.

3   41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

4   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

5   allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id.

6   However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

7   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

8   v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting

9   Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the

10  court must accept as true the allegations of the complaint in question, Erickson, id., and construe

11  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

12  (1974).

13          The United States Supreme Court has held that "an unauthorized intentional

14  deprivation of property by a state employee does not constitute a violation of the procedural

15  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

16  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

17  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

18  deprivations constitute actionable violations of the Due Process Clause.  An authorized

19  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

20  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

21  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

22          In the instant case, plaintiff has not alleged any facts which suggest that the

23  deprivation was authorized.  The California Legislature has provided a remedy for tort claims

24  against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has

25  not attempted to seek redress in the state system, he cannot sue in federal court on the claim that

26  /////

3

1   the state deprived him of property without due process of the law.  The court concludes that this

2   claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

3              By state habeas proceedings, plaintiff attempted to pursue his claim that "his First

4   Amendment rights were violated by the theft of his property in retaliation for making complaints

5   against fellow officers, his Constitutional rights were violated by prison personnel who falsified

6   documents to justify stealing his property as a retaliatory measure; and his Constitutional rights

7   were violated by prison personnel who covered up their theft of his property in retaliation for

8   petitioner's complaints surrounding staff abuse."  In the Matter of the Petition of Charles

9   Chatman for Writ of Habeas Corpus, Case No. CHW - 2337 (September 13, 2007 Lassen County

10  Superior Court) (Petition at 26.)  However, the Lassen County Superior Court found that

11  petitioner had only exhausted his claim concerning the negligent loss of petitioner's property

12  upon his transfer to an Administrative Segregation Unit.  Id.  The state court denied his petition

13  citing In re Dexter, 25 Cal.3d 921, 925, 160 Cal.Rptr. 118, 603 P.2d 35 (1979) (vacating petition

14  for petitioner's failure to seek administrative relief before resorting to the courts) and In re

15  Muszalski, 52 Cal.App.3d 500 (1975).  (See Petition at 26.)

16              "Section 1997e(a) of Title 42 of the United States Code provides:

17                  No action shall be brought with respect to prison conditions under
                    [42 U.S.C. § 1983], or any other Federal law, by a prisoner
18                  confined in any jail, prison, or other correctional facility until such
                    administrative remedies as are available are exhausted.
19

20  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."

21   McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the

22  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

23  requirement during the course of an action.  Id. at 1200.

24              California's Department of Corrections provides a four-step
                grievance process for prisoners who seek review of an
25              administrative decision or perceived mistreatment. Within fifteen
                working days of "the event or decision being appealed," the inmate
26              must ordinarily file an "informal" appeal, through which "the

                                                4

appellant and staff involved in the action or decision attempt to
resolve the grievance informally." Cal.Code Regs., tit. 15, §§
3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
resolved during the informal appeal, the grievant next proceeds to
the first formal appeal level, usually conducted by the prison's
Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
second level, providing review by the institution's head or a
regional parole administrator, and the third level, in which review
is conducted by a designee of the Director of the Department of
Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

        The court finds the allegations in plaintiff's petition so vague and conclusory that
it is unable to determine whether the current action is frivolous or fails to state a claim for relief.
The court has determined that the petition does not contain a short and plain statement as
required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
a complaint must give fair notice and state the elements of the claim plainly and succinctly.
Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
with at least some degree of particularity overt acts which defendants engaged in that support
plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.
P. 8(a)(2), the petition must be dismissed.  The court will, however, grant leave to file an
amended complaint pursuant to 42 U.S.C. § 1983.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
there is some affirmative link or connection between a defendant's actions and the claimed
deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    However, plaintiff need not re-submit the exhibits appended to his original

10  petition.  Upon his request, the court will append the March 4, 2008 exhibits to plaintiff's

11  amended complaint.  Finally, plaintiff should include in his amended complaint only claims he

12  has exhausted through the third level of administrative review prior to the filing of the instant

13  action.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19  Director of the California Department of Corrections and Rehabilitation filed concurrently

20  herewith.

21    3.  Plaintiff's petition is dismissed.

22    4.  Within thirty days from the date of this order, plaintiff shall complete the

23  attached Notice of Amendment/Submission and submit the following documents to the court:

24    a.  The completed Notice of Amendment/Submission;

25    b.  An original and one copy of the Amended Complaint; and

26  /////

1           c.  A certified copy of plaintiff's inmate trust account statement for the six

2 month period that preceded the filing of this action.

3 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

5 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

6 file an amended complaint in accordance with this order will result in a recommendation that this

7 action be dismissed.

8           5.  The Clerk of the Court is directed to change the docket and case caption to

9 reflect that this action is proceeding as a civil rights action.

10 DATED:  September 11, 2008.

11

12

UNITED STATES MAGISTRATE JUDGE

13

14 /001; chat2055.14

15

16

17

18

19

20

21

22

23

24

25

26

7

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES CHATMAN,

11              Plaintiff,                         No. 2:08-cv-2055 JFM (PC)

12        vs.

13   TOM FELKER, Warden, et al.,                   NOTICE OF AMENDMENT

14   _____Defendants._____

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____         Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26

8