IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

    Petitioner,                   No. 2:08-cv-2055 GEB JFM (HC)

    vs.

TOM FELKER, Warden, et al.,      <u>ORDER</u>

    Respondents.

_____/

        By order filed September 12, 2008, the court construed petitioner's habeas petition as a civil rights complaint and directed the Department of Corrections to collect the filing fee as required by 28 U.S.C. § 1915(b)(1). Petitioner's claim was construed as a civil rights action because plaintiff is challenging the confiscation of his property by prison officials and is not challenging the fact or duration of his confinement.

        On October 14, 2008, petitioner filed objections to the court's order transforming his habeas petition to a civil rights complaint and assessing petitioner the $350.00 filing fee. Petitioner wants to proceed on his habeas petition; he does not seek punitive or compensatory damages but wants his property to be replaced. In the alternative, petitioner contends he should be permitted to dismiss the habeas petition rather than proceed with the civil rights action.

1  Good cause appearing, the court's September 12, 2008 orders will be vacated.
2  The Clerk of the Court will be directed to serve a copy of this order on the Director of the
3  California Department of Corrections and Rehabilitation.
4  The United States Supreme Court has held that "an unauthorized intentional
5  deprivation of property by a state employee does not constitute a violation of the procedural
6  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
7  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
8  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
9  deprivations constitute actionable violations of the Due Process Clause.  An authorized
10 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
11 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
12 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
13 In the instant case, petitioner has not alleged any facts which suggest that the
14 deprivation was authorized.  The California Legislature has provided a remedy for tort claims
15 against public officials in the California Government Code, §§ 900, et seq.  Since petitioner has
16 not attempted to seek redress in the state system, he cannot sue in federal court on the claim that
17 the state deprived him of property without due process of the law.  The court concludes that this
18 claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).
19 Moreover, petitioner is advised that his property claim cannot be pursued via a
20 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner must therefore choose
21 to either amend his petition to file a civil rights complaint, in which case he will be assessed the
22 $350.00 filing fee, or voluntarily dismiss this action.
23 Accordingly, IT IS HEREBY ORDERED that:
24 1. The September 12, 2008 order converting the instant action to a civil rights
25 complaint is vacated [docket no. 9].
26 /////

1  2. The September 12, 2008 order directing the Director of the California
2  Department of Corrections and Rehabilitation to assess the $350.00 filing fee against petitioner's
3  trust account statement is vacated [docket no. 10].
4  3. The Clerk of the Court is directed to serve a copy of this order on the Director,
5  California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, California
6  95814, and the Financial Department of the court.
7  4. The Clerk of the Court is directed to change the docket and case caption to
8  reflect that this action is proceeding as a petition for writ of habeas corpus.
9  5. Within thirty days, petitioner shall either:
10  (a) File a request to voluntarily dismiss this action pursuant to Fed. R.
11  Civ. P. 41; or
12  (b) File an original and one copy of an amended complaint pursuant to 42
13  U.S.C. § 1983. Petitioner is cautioned that failure to respond to this order will result in a
14  recommendation that this action be dismissed.
15  DATED: November 3, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; chat2055.vac