1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11   CHARLES CHATMAN,

12            Petitioner,              No. 2:08-cv-2055 GEB JFM (HC)

13       vs.

14   TOM FELKER, Warden, et al.,       FINDINGS & RECOMMENDATIONS

15            Respondents.

16   _____/

17            By order filed September 12, 2008, the court construed petitioner's habeas

18   petition as a civil rights complaint because petitioner was challenging the confiscation of his

19   property by prison officials and was not challenging the fact or duration of his confinement.

20            On October 14, 2008, petitioner filed objections to the court's order transforming

21   his habeas petition to a civil rights complaint.  Petitioner stated he wanted to proceed on his

22   habeas petition; he did not seek punitive or compensatory damages but wanted his property to be

23   replaced.  In the alternative, petitioner contended he should be permitted to dismiss the habeas

24   petition rather than proceed with the civil rights action.  The court found good cause to vacate the

25   September 12, 2008 order.  However, petitioner was informed that the United States Supreme

26   Court has held that "an unauthorized intentional deprivation of property by a state employee does

1

1   not constitute a violation of the procedural requirements of the Due Process Clause of the

2   Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

3   Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Petitioner was also advised that his property claim

4   could not be pursued by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

5   Petitioner was directed to either amend his petition to file a civil rights complaint, in which case

6   he would be assessed the $350.00 filing fee, or to voluntarily dismiss this action.

7   　　　　　On December 4, 2008, petitioner filed an objection to the court's order, claiming

8   this court must allow him to amend his habeas petition and to direct the Warden to return

9   petitioner's habeas corpus petition that has been withheld from him since May of 2008.

10   　　　　　It is clear from petitioner's filing that he does not intend to pursue a civil rights

11   claim under 42 U.S.C. § 1983, despite this court's instructions to do so.

12   　　　　　As petitioner has previously been advised, he cannot seek return of withheld

13   property by way of habeas corpus petition.  Habeas relief is only appropriate for challenges to the

14   fact or duration of confinement.  Petitioner may not choose to seek relief by way of habeas

15   petition in order to avoid paying the $350.00 filing fee.  Petitioner has been granted leave to file

16   an amended petition to seek habeas relief.  Granting petitioner further leave to file an amended

17   petition in which he intends to again seek return of withheld property would be futile.

18   　　　　　Thus, the instant action must be dismissed for petitioner's failure to comply with

19   this court's prior orders.  Petitioner was cautioned that failure to comply with this court's order

20   would result in a recommendation that this action be dismissed.  (November 4, 2008 Order at 3.)

21   　　　　　Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

22   failure to comply with this court's orders.  Fed. R Civ. P. 41(b).

23   　　　　　These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

2  failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  January 14, 2009.

5

6  _____
   UNITED STATES MAGISTRATE JUDGE

7

8  /001; chat2055.fr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26